**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| KIMBERLY B. JACKSON, | : | Case No. 05-52054 |
| | : | |
| Debtor. | : | |

_____

APPEARANCES:

Kimberly B. Jackson                               *Pro Se*
67 Custer Street
Stamford, CT 06902

Mitchell J. Levine, Esq.                          Attorneys for Ford Motor Credit
Kenneth Pasquale, Esq.                            Company
Nair & Levin, P.C.
707 Bloomfield Avenue
Bloomfield, CT 06002

Steven Mackey, Esq.                               Attorney for the United States
One Century Tower                                 Trustee
265 Church Street, Suite 1103
New Haven, CT  06510

Richard M. Coan, Esq.                             Chapter 7 Trustee
Coan, Lewendon, Gulliver & Miltenberger, LLP
495 Orange Street
New Haven, CT  06511

_____

**MEMORANDUM AND ORDER ON  REAFFIRMATION AGREEMENT**

Alan H.W. Shiff, United States Bankruptcy Judge

     This matter comes before the court on the debtor's motion to approve a reaffirmation agreement with the Ford Motor Credit Company ("FMCC"), filed by FMCC, pursuant to 11 U.S.C. § 524(c).

**BACKGROUND**

On May 31, 2005, the debtor entered into a Retail Installment Contract on a 2005 Ford Freestyle with Stamford Motors. That contract has been assigned to FMCC, which accordingly has a purchase money security interest on the vehicle, aggregating $22,959.23. On October 17, 2005, the debtor commenced this chapter 7 case and listed the vehicle as personal property on Schedule B.

On December 23, 2005, the debtor entered into the subject reaffirmation agreement with FMCC. On June 6, 2006, FMCC and the debtor, appearing *pro se,* requested that the reaffirmation agreement be approved. Tr. at 1. It is undisputed that, as of the petition date, she was current with the contract's payment provisions. Tr. at 2-3.

**DISCUSSION**

Even though the reaffirmation agreement, with its attendant rights and obligations, was entered into before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), those amendments apply in this analysis. *See Nelson Co. v. Counsel for the Official Comm. of Unsecured Creditors (In re Nelson Co.)*, 959 F.2d 1260, 1266 (3d Cir. 1992) ("It is only upon the filing of the petition in bankruptcy that the provisions of the Code come into effect. In other words, it is by operation of law *after* the filing of the petition that the debtor's rights [are affected] ...") (original emphasis).

The BAPCPA provisions that affect an individual debtor's reaffirmation of personal property have been procedurally and substantively amended. Read together in the context of this case, §§ 521(a)(2)(C), (a)(6), and (d) and 362(h)(1)(A) now *require* a debtor to enter into a reaffirmation. Therefore, the only remaining issue is whether this *pro se* debtor has satisfied § 524, which, except for a debtor notification provision, *see* § 524(c)(2), was not amended by BAPCPA . That inquiry is prompted by a congressional concern, even after BAPCPA, that a debtor, who is not represented by an attorney at the

2

time a reaffirmation is executed, might not have the full advantage of an arms length agreement. See *In re Laynas*, 345 B.R. 505, 514 (Bankr. D. Pa. 2006) ("The words of the title [Discouraging Abuse of Reaffirmation Agreement Practices][1] express Congress' obvious intent to provide an extra measure of consumer protection over and above existing law").

Section 524 provides in relevant part:

> in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as--
>   (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
>   (ii) in the best interest of the debtor.
> 11 U.S.C. § 524(c)(6)(A).

In accordance with that subsection, the court explained the nature of the reaffirmation agreement:

> Ms. Jackson, do you know what's going on here?  I don't mean to demean you in any way, but this is complicated and it's a new law that people are, including the court ... weaving their way through. And the law has changed ... the reaffirmation agreement which . . . [you are] agreeing to reaffirm ... is what we're here for today.  And if you reaffirm it . . . all off its part are in play ...
> Tr. at 10-11.

The debtor then stated that she understood the consequences of the agreement. *Id* at 7. She further stated that she wanted to enter into the reaffirmation agreement with FMCC in order to retain the vehicle. *Id*.

There is no basis for the court to conclude that this reaffirmation agreement imposes an undue hardship. To the contrary, the debtor signed the provision in the

---

[1] See *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 203, 119 Stat. 23 (2005)*.

Statement In Support of the Reaffirmation Agreement that provided its terms are "affordable" and it does not constitute an "undue hardship". *See January 16, 2006 Reaffirmation Agreement*, Attached to FMCC's April 18, 2006 Request for a Hearing. That claim is corroborated by the statement of monthly income and expenses which demonstrates that the debtor's monthly income is greater than all of her expenses.[2] *Id*.

## CONCLUSION

The reaffirmation agreement does not impose an undue hardship, and it is in the debtor's best interest. Accordingly, the court approves the reaffirmation agreement, and IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 20th day of February, 2007.

Alan H. W. Shiff
**United States Bankruptcy Judge**

---

[2] Courts that have considered the meaning of "undue hardship" have balanced the benefits against the harms of the reaffirmation. *See, e.g., In re Melendez*, 224 B.R. 252, 261 (Bankr. D. Mass. 1998) (" [T]his Court would deem reaffirmation to cause a debtor 'undue hardship' where it would result in a significant, but otherwise avoidable, obstacle to the attainment or retention of necessaries by the debtor or the debtor's dependents"). The court notes that amended § 524(m)(1) provides some guidance by reference to a § 524(k)(6)(A) statement that the debtor is required to sign for the reaffirmation agreement to be viable. The statement contains an affordablility formula to assess whether the reaffirmation agreement will impose an undue hardship.